Standard legal complaint page

**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 124456
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yeun Seup Hwang,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Verizon Wireless Services, LLC and Trans Union, LLC,<br><br>　　　　　Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Yeun Seup Hwang ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Verizon Wireless Services, LLC (hereinafter referred to as "*Verizon*" or *"Furnisher Defendant"*) and Trans Union LLC (hereinafter referred to as "Trans Union" or "*CRA Defendant*") (collectively Furnisher Defendant and CRA Defendant are referred to as "*Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. §1681 *et seq*.

2. This action is commenced against the CRA Defendant for reporting inaccurate or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received a dispute letter from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports and for their violations of §1681c-2 for failing to block the information after receipt of the notice of identity theft dispute.

3. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score.  As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of the dissemination of inaccurate reports to at least one third party, which is akin to the tort of defamation.

5. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

**JURISDICTION AND VENUE**

6. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) as Defendant Verizon is subject to this Court's jurisdiction.

**PARTIES**

8. Plaintiff Yeun Seup Hwang is an individual who is a citizen of the State of Washington residing in King County, Washington.

9. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c)

10. Defendant Verizon is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

11. Defendant Verizon is located in Delaware and has a principal place of business located at 1095 Avenue of the Americas, New York, NY 10036 is registered to do business in the State of New York and may be served with process on its registered agent CT Corporation Systems, 28 Liberty Street, New York, NY 10005.

12. Defendant Trans Union is a CRA as defined under 15 U.S.C. § 1681a(f) and New York FCRA § 380-A(e), that regularly conducts business in this judicial district.

13. Defendant Trans Union is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany NY 12207.

14. Defendant Trans Union by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

15. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

16. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

17. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That

3

information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

18.     Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

19.     Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

20.     Plaintiff Yeun Seup Hwang became a victim of identity theft when an unauthorized Verizon Wireless account was opened without his knowledge or consent.

21.     On a date better known by Verizon, the account became delinquent was ultimately charged off by Verizon.

22.     Upon review of his credit report, Plaintiff discovered that this account had been opened on or around September 29, 2016 with an outstanding debt of $934.

23.     Plaintiff's high credit profile and credit score has been reduced by this fraudulent Verizon account, lowering Plaintiff's credit capacity and credit worthiness to prospect creditors.

24.

25.     After discovering this account, Plaintiff attempted to dispute this with Verizon but they ultimately refused to remove the transactions.

26.     Plaintiff then filed a police report on June 25, 2021.

27.     Plaintiff also completed a FTC Identity Theft Report on June 25, 2021.

28.     On or around November 23, 2021, Plaintiff enclosed these reports into a FCRA dispute letter which was sent to Trans Union via certified mail.

29.     The dispute letter also enclosed Plaintiff's Driver's license, social security card and utility bill.

30.     Based on United States Postal tracking information, Trans Union received the FCRA dispute letter on November 27, 2021.

31. Upon information and belief, Trans Union forwarded a notice of dispute and all the relevant information regarding the dispute to Verizon within five business days of receipt, as required by the FCRA.

32. Upon information and belief, Verizon received the notice of dispute and all relevant information from Trans Union.

33. More than thirty days have passed since the Defendants received the dispute notice and their statutory time to investigate has expired pursuant to the FCRA.

34. In violation of the FCRA, Plaintiff's consumer credit reports with Trans Union continued to report the fraudulent Verizon tradeline and continued inaccurately reporting Plaintiff's personal information.

35. In addition, Trans Union continues to report Plaintiff's personal information inaccurately including the following addresses that do not belong to Plaintiff:

   a. 3922 26nd Ave SE Issaquah, WA 98029-2156

   b. PO Box 1750 Quincy, WA 98848-2156

36. Defendants failed to conduct an investigation and failed to delete or correct the inaccurate information or the Verizon account.

37. Defendants continued to report this erroneous information to Plaintiff's credit report and significantly affected Plaintiff's credit score and perceived creditworthiness.

38. Plaintiff's credit profile has been harmed and the inaccurate and fraudulent credit reporting has been disseminated to third parties.

39. Plaintiff has experienced undue emotional stress and anxiety as a result of this fraudulent account which continues to report to his credit and to third parties, despite his efforts to remove it.

<u>**COUNT I**</u><br>**CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681e(b).**

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. The CRA Defendant systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

42. Upon receipt of Plaintiff's disputes, the CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

43. CRA Defendant failed to comply with 15 U.S.C. § 1681c-2 exhibiting a failure to follow reasonable procedures to ensure maximum possible accuracy despite receiving the requisite documentation from the Plaintiff.

44. Upon information and belief, the CRA Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

45. In violation of §§ 1681e(b) and 1681(i), the CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

46. Plaintiff disputed the inaccurate information and the CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

47. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

48. In violation of § 1681o and § 1681n, the CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

49. The CRA Defendant is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

50. As a result of the CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

51. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
**CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681i *et seq.***

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

54. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

55. The CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

56. The CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

57. The CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

58. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

59. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

60. The CRA Defendant's violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61. In the alternative, the CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

62. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT III**

**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)**

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

65. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

66. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

67. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

68. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendant, upon information and belief, the CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

69. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

70. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

71. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

72. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

73. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

74. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

75. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

76. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

77. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

78. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

79. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

80. As a result of the Furnisher Defendant's conduct, Plaintiff suffered actual damages which have been further described above in the statement of facts.

81. The Furnisher Defendant's conduct was willful in that it knew of the identity theft after receiving the dispute letter from the consumer reporting agencies and direct notice from the Plaintiff and continued to report the debt anyway. Alternatively, the Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it failed to conduct a reasonable investigation despite receipt of information that the debt was a result of identity theft.

82. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

9

83. In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

84. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV

### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681c-2

85. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

86. Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

87. This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer.

88. Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent a dispute detailed in the above statement of facts which included the appropriate proof, identification and report to a law enforcement agency stated that this account or these transactions were a result of identity theft.

89. The CRA Defendant violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify the Furnisher Defendant that the information was a result of identity theft.

90. The CRA Defendant violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify the Furnisher Defendant that an identity theft report has been filed.

91. The CRA Defendant violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify the Furnisher Defendant that a block had been requested.

92. The CRA Defendant violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

93. The CRA Defendant violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent account or had rescinded the blocking of these account.

94. As a result of the CRA Defendant's violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described in the statement of facts.

95. The CRA Defendant's violations were willful in their knowing and/or reckless disregard, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96. In the alternative, the CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

97. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681c-2 and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

98. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA; and

b   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

f   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g   Such other and further relief as the Court determines is just and proper.

DATED: April 15, 2022

                                                  **SANDERS LAW GROUP**

                                                  By:   */s/ Alain Cesar*
                                                  Alain Cesar, Esq.
                                                  100 Garden City Plaza
                                                  Suite 500
                                                  Garden City, NY 11530
                                                  Office: (516) 203-7600
                                                  Direct: (516) 203-7612
                                                  Email: acesar@sanderslaw.group
                                                  File No.: 124456
                                                  *Attorneys for Plaintiff*